## STATE v. MOODY.

## STATE v. CHARLES.

1. EXCEPTION alleging no specific ground of error will not be considered.
2. APPEAL—CHARGE.—Where a Judge gives the jury the construction of a statute placed on it by a party in his requests, he has no ground for alleging error.
3. LIQUORS—JURY.—That jury finds in favor of defendant on counts alleging handling and receiving liquors in the night time, does not negative finding against defendant on a count charging transporting, &c.
4. NEW TRIAL.—Where there is any evidence to support a verdict, it is not error of law to refuse a new trial.
5. DISPENSARY LAW—INTERSTATE COMMERCE.—Sec. 584 of Criminal Code, making transporting liquor unlawful, applies to liquors transported into this State from another State *only* after delivering to consignee and charge as to carrying for unlawful purpose sustained.

Before GARY, J., Marlboro, fall term, 1903.    Affirmed.

Two indictments, (1) against J. G. Moody, (2) against Henry Charles. From verdict and sentence, defendants appeal.

*Messrs. Townsend & Hamer,* for appellants, cite: *Error to refuse to quash second count:* Criminal Code, 584; Clark's Crim. Proc., 493; 1 Rich. L., 260; 32 S. E. R., 408; 39 S. E. R., 897; 30 S. C., 399; 33 S. E. R., 366; sec. 3449, R. S. of U. S.    *There being no evidence · to support the verdict, it should have been set aside:* 68 S. C., 53.

*Solicitor J. M. Johnson,* contra (oral argument).

November 2, 1904.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.    The two above cases were, by consent of all parties, tried as one case, though the verdict of the jury was entered upon each separate indictment. The indictments were for violations of the dispensary law of this State. Verdict was in each case "Guilty of the *second* count; not guilty as to the *first* and *third* counts." Thereupon the defendants appealed from said verdicts of guilty as to the second count.

The following is the indictment in the two cases. The indictment in the second case being identical with the first (except as to the name of the defendant and quantity of liquor), to wit:

"At the Court of General Sessions, begun and holden in and for the county of Marlboro, in this State, South Carolina, at Bennettsville, in the county and State aforesaid, on the third Monday of November, in the year of our Lord one thousand nine hundred and three. The jurors of and for the county aforesaid, in the State aforesaid, upon their oaths, present: That J. G. Moody, at Bennettsville, in the county of Marlboro and State aforesaid, on the seventeenth

day of August, in the year of our Lord one thousand nine hundred and three, wilfully and unlawfully did handle in the night time certain spirituous, malt and other liquors containing alcohol and used as a beverage, to wit: three kegs containing three and three-fifteenths gallons of contraband corn whiskey, against the form of the statute in such case made and provided and against the peace and dignity of the State.

"And the jurors aforesaid, upon their oaths aforesaid, do further present, that said J. G. Moody, at Bennettsville, in the county and State aforesaid, on the seventeenth day of August, in the year of our Lord one thousand nine hundred and three, did wilfully and unlawfully carry, transport, have possession, accept and remove three kegs, then and there containing fifteen gallons of contraband corn whiskey, having no proper or lawful mark, brand, label or designation stamped or indorsed thereon or attached thereto, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

"And the jurors aforesaid, upon their oath aforesaid, do further present: That J. G. Moody, on the seventeenth day of April, in the year of our Lord one thousand nine hundred and three, at Bennettsville, in the county and State aforesaid, did wilfully and unlawfully receive and accept for unlawful use certain spirituous, malt, vinous, fermented, brewed and other liquors, to wit: three kegs containing then and there fifteen gallons of contraband corn whiskey, which contain alcohol and are used as a beverage, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

Before the trial was entered upon, the defendants in each case demurred to the indictment. The demurrer was overruled. It is unnecessary to consider this point because the verdict of the jury only held one count (the second) as good, and found the defendants not guilty on first and third.

We will proceed to pass upon the second count as affected by the grounds of appeal. These grounds are as follows:

"1. Because the presiding Judge erred in refusing the motion in arrest of judgment, and also erred in refusing the motion for a new trial.

"2. Because the verdict of the jury was based upon a count in the indictment founded upon a section of the dispensary law which is in conflict with the interstate commerce clause of the Constitution and act of Congress, and is void.

"3. Because the jury acquitted the defendants of hauling liquor in the night time and in receiving and accepting contraband liquors—and this negatives any violation of the law in the transportation of liquors without proper mark, brand or label.

"4. Because there was no evidence to support the verdict of the jury.

"5. Because section 584 of Criminal Code is in violation of the Interstate Commerce Act of Congress, and void, for the reason that it is a burden upon such commerce.

"6. Because the presiding Judge erred in charging the jury that liquor brought from another State could be seized before it reached its destination, if being transported for an unlawful purpose.

"7. Because the Judge erred in not quashing the second count in the indictment.

"The motion to be submitted to the Supreme Court is to arrest the judgment in each case, and on failure of this motion for a new trial."

1. We cannot view the first ground of appeal in its present form as showing any error; it simply declares error in the Circuit Judge in refusing to arrest judgment, and also error in refusing a new trial, but no ground of specific error in either matter is alleged. We are not called upon to lay down the specific ground of error, and we decline to do so. We, therefore, overrule this ground of appeal.

2. We cannot see but there is a difference in our dispensary law and the interstate commerce clause of the U. S.

Constitution and the act of Congress. The jury were necessarily directed by the charge of the presiding Judge, and in such charge the Judge charged every proposition of law which was submitted by the defendants, and in his general charge to the jury was careful to lay down rules of law which must govern juries in their findings of fact. This being so, there is no error as here complained of.

3. The second count of the indictment does not include any reference to handling liquor in the night time or to the receiving and handling any contraband liquor, but charges that the defendant "did wilfully and unlawfully carry, transport, have possession, accept and remove three kegs then and there containing fifteen gallons of contraband corn whiskey, having no proper or lawful mark, brand, label or designation stamped or indorsed thereon or attached thereto, against the form of the statute," &c. We do not see how an acquittal of the defendant on the first and third counts negatives the charge contained in the second count.

4. The fourth ground of appeal cannot be sustained. There was some testimony in reference to defendants' handling the liquor, it was the legitimate duty of the jury to consider the force and effect of this testimony.

5. We cannot see where section 584 of the Criminal Code conflicts with any of the provisions of the Interstate Commerce Act of Congress, as pointed out by this ground of appeal.

6. In order to pass upon this ground of appeal, let us see what the Circuit Judge did charge in this matter:

"Now, if a man prefers North Carolina corn to South Carolina rye, he has the right to send to North Carolina and get him a keg or a barrel, if it is for a legitimate purpose; but he has no right to send to North Carolina or South Carolina or any other place and buy it for the purpose of selling it or for an illegal purpose. A party would have

the right to send his agent to buy it for a proper purpose, but he has no right to authorize the agent to do an unlawful act. So, then, the question of fact for you to determine in this case is, was that liquor being transported to parties to be used lawfully for their own personal use? There is no dispute that the defendants bought it. The defendant admitted that he bought thirty-one gallons of whiskey. His contention is that he brought it to different parties in his county for their own private personal use. If you accept that view of the testimony, he would not have violated the law; but if he got it and was carrying it back there for parties to put it to illegal use, although he was an agent, they could not delegate him to do an unlawful act. A principal cannot authorize an agent to do an unlawful act or violate the law. So, if it would be wrong in his principal to have brought that amount of whiskey into South Carolina to stock a blind tiger, and the principal delegated him to bring it, he could not be excused if principal could not be. So, after all, it is a question of fact, what was the liquor being brought here for—to Darlington County, through Marlboro County? You will take into consideration the facts and circumstances under which it was brought, the time at which it was brought, and the manner of transportation—all those are elements of fact proper to be brought out to enable you to come to a just conclusion as to why that liquor was brought into this State. If it was brought for an illegal purpose, it was contraband and liable to seizure, and the party liable to arrest. If, on the other hand, it was brought for a lawful purpose, it would not be liable to seizure, and the party would not be violating the law of the land. So, the question is, for what purpose was that whiskey brought? That is the question; I cannot aid you in the determination." When the charge, as a whole, is considered, the Circuit Judge did not err, as claimed.

7. The seventh ground of appeal is too general to require any notice at our hands.

It is the judgment of this Court, that the judgments of the Circuit Court be and they are affirmed in each of the two cases here contained.

MR. JUSTICE GARY *concurred in the result, for the reasons stated in the opinion of* MR. JUSTICE WOODS.

MR. JUSTICE WOODS, *concurring.* The defendants were convicted under counts of separate indictments, which charged against them acts made criminal by section 584 of the Criminal Code. The Circuit Judge charged the jury at defendants' request, "that section 584 of the Criminal Code, as to carriage, transportation, etc., of liquors under any other than the proper name, etc., is in conflict with the interstate commerce clause of the United States Constitution, and does not apply to liquor transported from another State into this State for personal use." The presiding Judge having put the construction upon this section which defendants requested, they cannot complain. The other portions of the charge upon the same subject to which exception is taken were substantially in accordance with this request, and in elaboration of it. Aside from the objections to the indictment the defense presented was that the liquor was for personal use. If the defendants intended to rely on the defense that the liquor was in transit from North Carolina to South Carolina, they should have indicated it by a request to charge.

It is held in *Smith* v. *Lafar,* 67 S. C., 493, that "liquor purchased in another State and shipped to the purchaser in this State, is not contraband, being protected as an article of interstate commerce until it is delivered to the purchaser." After it is received by the consignee, however, it may become contraband under the State law, and its subsequent "carriage, transportation," etc., then becomes a criminal offense, under section 584. In other words, section 584 is ineffective under the interstate commerce law only so far as it relates to "carriage, transporta-

tion," etc., into the State and to the consignee, not as to subsequent carriage from one point to another wholly within the State.   The appellants' view that section 584 on which the second count was based is absolutely null and void, is, therefore, erroneous.